MgFarlaNd, J.,
delivered the opinion of the Court.
Prior to February, 1861, a number of cases in the Chancery Court at Charlotte, against Theodore Baxter and others, were consolidated. The complain *297 ants in these several eases were seeking satisfaction of their several claims by a sale of certain real estate under a decree rendered in these consolidated cases. The real estate was sold by the Master on the 18th of February, 1861, and at the sale Theodore Baxter purchased several lots, as the record shows, as trustee of his wife, Maria A. Baxter. The Master’s report shows that these lots were sold to Maria A. Baxter. Four notes were filed by the Master with his report, each for $612.91, due severally in six, twelve, eighteen, and twenty-four months, with interest from date, being for the four installments of the purchase money. These notes were signed: “T. Baxter, trustee for Maria A. Baxter; John S. Majors. (Seal).”
At the May Term, 1861, of said Court, the report of sale was confirmed, and the title vested in the several purchasers, subject to a lien for the purchase money. At the September Term, 1861, the death of Theodore Baxter was suggested and admitted, and scire facias awarded against his administrator and heirs. And at the same term a judgment was rendered upon the note first falling due, against Maria Baxter and John S. Majors for the amount thereof, with interest, and execution awarded. At the September Term, 1866, judgment was rendered upon the three remaining notes, against Maria Baxter and John S. Majors, for the full amount with interest, and an execution awarded.
Thereupon, about the 27th of January, 1867, said John S. Majors filed in said Court a petition, as it is styled, setting forth in its caption the style of the *298 several consolidated cases, and purporting to be a petition filed in the cases. It set forth in brief the sale of the land under the aforesaid decree, and the purchase thereof by said Baxter, and shows that when he signed the notes upon which the judgments were afterwards taken, he was assured that there was to be another solvent security also upon the notes; that he refused to sign the notes until the other security should also be procured, until he was assured by the Clerk and Master that the notes would not be operative against him until then, and that he, the Clerk and Master, would leave the notes with Baxter to procure the other surety. And the petitioner insists that these notes were duly delivered as escrows, and that the other security never having been obtained, the notes were never binding upon him; that he never knew but that the other security had been obtained until execution was issued against him. The petitioner does not pray that any one be made a party defendant, or that an answer be made, but prays that the facts therein alleged be inquired into, and he be relieved from the judgment, and that the notes as to him be canceled. An injunction was granted, and injunction and prosecution bond was given.
One of the complainants in the consolidated causes, Bobert McNeilly, answered the petition, denying the material allegations. All the other parties except Mc-Neilly filed a demurrer, insisting upon various grounds of demurrer. First, that no one was made a party to said petition, or required, or given an opportunity, to answer; that the Clerk and Master was not made a *299 party, and other causes that need not be enumerated. The demurrer was overruled, with leave to the parties to insist upon the hearing upon all the grounds of demurrer, except the first.
John W. Miller, another one of the parties, answered the petition, denying the material allegations. This is styled the answer of Miller and others. Proof was taken upon both sides, fully developing the facts in regard to the execution of the note. Upon the hearing, the Chancellor dismissed the petition, upon the ground that the decree upon the notes could only be attacked by a bill of review or an original bill in the nature of a bill of review. Majors appealed, and the question is, was the Chancellor’s holding correct. It has been in several cases held, that a purchaser at a chancery sale becomes a quasi party to the case, and so continues until the end of the cause, and any relief to which he may be entitled can be granted upon his petition, such as relief consequent upon a failure of title to the property purchased, or unsoundness of the property, etc. See cases of Blackmore v. Baker, 2 Swan, 352; 2 Hum., 169; 10 Hum., 81, and the same rule applies to a security. It may, however, be doubtful, whether this principle applies to a case like this. We do not, however, think that a bill of review proper would be the remedy. A bill of review can only be filed by a party to the case to be reviewed. If in reality Majors executed and delivered the note in question, then he became a quasi party to the case. If, however, as he assumes, he never executed and delivered the notes, he never be *300 came a party at all, and this would simply be a case of a decree against one not a party to the case, and without notice. Such a decree may be attacked by an original bill. The report of sale made by the Master does not show that Majors was the security upon the notes given by Baxter, and the notes themselves are the only record connecting him in any way with the cause. Waiving for the present the question whether the judgments upon these notes are not void, for the reason that they are rendered not against Theodore Baxter, or his representative, and Majors, the security, according to the notes, but against Maria Baxter, who was not, and could not have been, found upon the notes, being a married woman, we will enquire whether upon the proceeding instituted by Majors the question as to his liability may be determined.
His petition states every material fact necessary to be stated, in order to entitle him to relief. It is subject to two objections; it is styled a petition, and it does not pray that the parties in interest be made defendants and required to answer. The name is immaterial. A suit in Chancery may be commenced by bill or petition. Code, 4312. It is clear that no case can be regularly brought to issue and hearing, without the parties defendant being brought into court, and having leave to make defense; and in general for this purpose, process is necessary and in this respect, this petition was certainly, if regarded as the commencement of an original suit, defective; but if the parties in interest waived process and came in and *301 made defense, we can not see but that this formal defect is cured. If they had disregarded the petition, they certainly could not be bound by it as an original suit; but they all entered their appearance and made defense. It is true they all but one demur ; but the important defect, the failure to pray that the parties in interest be required by process to appear and make defense, is cured by the fact that they do appear and make defense without the process. The facts are properly stated in the petition. These facts are put in issue. It is true the parties do not answer, but they all appear and make defense; their demurrer is overruled, and those who ask leave to answer do so, and proof is taken, and the cause is brought regularly to a hearing.
The petition prays for the proper relief. By the Code, s. 4516, this Court is forbidden to reverse the judgments or decrees of inferior courts, except upon questions affecting the merits; and a fair inference from this would be that we should reverse when the inferior court has not decided the ease upon the merits, when the merits were properly presented for decision. We are of the opinion, therefore,' that the questions involved between these parties were fairly raised by their pleadings. Each party has had due notice, and his day in court. They have gone to the expense and trouble of taking testimony, and as we may fairly presume that all the facts are developed, we do not feel authorized to turn the parties -out of court, and require them to go over all the ground again, simply for the purpose of having the bill in the cause drawn with more formality. *302 We think the merits of the controversy should be determined upon the record.
Without discussing the facts, it will be sufficient to say that we think Majors has satisfactorily made out his case. The evidence by a decided preponderance shows that he signed the notes and delivered them upon the express condition that they were not to take effect until they were also signed by another solvent security. It is argued that a clerk and master has no authority to accept notes upon these conditions. We can not see, however, that the obligor in a note to a clerk and master can be governed, in respect to what shall constitute a valid execution and delivery of a note, by any different rules from those that apply to other parties.
The decree of the Chancellor will be reversed, and a decree rendered in favor of Majors.